ORIGINAL

IN THE NORTHERN DISTRICT COURT OF DALLAS, STATE OF TEXAS

FILED-USDC-NDTX-DA
'25 FEB 7 PM4:36

**Plaintiff: JASON R. WHITE**
Address: 4350 Trinity Mills Rd. Dallas, TX 75287
Telephone: NA

**Defendant: Dallas Area Rapid Transit (DART) and "John Doe"**
Address: 1401 Pacific Ave Dallas, TX 75202
Telephone: 214 979 1111

**Defendant: (Bus Driver, "John Doe")**
Address: Bus Driver John Doe Address presently unknown
Telephone: Bus Driver John Doe Phone Number unknown

---

Amended (John Doe -placement) Complaint for Excessive Force, Assault, and Civil Rights Violations Against DART Dallas Area Rapid Transit and Bus Driver

---

Plaintiff, Jason R, White, by and through and, alleges as follows:

## 1. PARTIES

1. Plaintiff, Jason R. White, is an individual residing at 4350 Trinity Mills Rd. Dallas, TX 75287, with no phone number.
2. Defendant, Dallas Area Rapid Transit (hereinafter "DART"), is a public entity with its principal office located at 1401 Pacific Ave. Dallas, TX 75202.
3. Defendant, (Bus Driver John Doe), is an individual employed by DART as a bus driver and resides at Bus Driver's Address presently unknown, with a contact number of Bus Driver's Phone Number unknown.

## 2. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims raised in this complaint pursuant to **28 U.S.C. § 1331**, which provides federal jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, including violations of constitutional rights under **42 U.S.C. § 1983**. Venue is proper in this Court under **28 U.S.C. § 1391**, as a substantial part of the events or omissions giving rise to the claims occurred within this district, and the defendant, DART, is subject to the personal jurisdiction of this Court.
5. This Court has personal jurisdiction over the Defendants because DART operates within this County, and the events giving rise to this lawsuit occurred within this jurisdiction.
6. Venue is proper in this Court because the incident giving rise to this lawsuit occurred within Dallas County, State of Texas.

## 3. FACTUAL ALLEGATIONS

1 | Page

7. On Saturday, November 23, 2024, at approximately 7:08 PM, Plaintiff boarded DART bus #42101, operating on Route #250, which was traveling towards Addison Station.
8. Upon attempting to pay the fare, Plaintiff used a credit card; however, the transaction was unsuccessful due to a common issue with the card's magnetic strip. Plaintiff attempted multiple times to pay with the same card, as the card often demagnetizes when stored in close proximity to metal objects, such as keys.
9. The bus driver, an employee of DART, a heavyset Black female with long braids, wearing a knit beanie, glasses, and bearing visible scars near her eyebrow, became visibly upset upon noticing that the transaction was unsuccessful.
10. The bus driver ordered Plaintiff off the bus without cause, even after Plaintiff explained the issue with the card and continued to attempt payment.
11. The driver became increasingly hostile and violent, opened the protective plexiglass door, and retrieved a taser from her purse.
12. The bus driver then grabbed Plaintiff's left arm (around the elbow) and began threatening Plaintiff with the taser, while also cursing and ordering Plaintiff to exit the bus.
13. Plaintiff responded calmly, stating, "I am trying to pay with my credit card."
14. The driver continued to curse and demand that Plaintiff leave the bus. Plaintiff informed the driver that the incident would be reported to DART's CEO, Nadine Lee.
15. The driver responded using profanity and dismissively, saying, "I don't care."
16. At this point, the driver reached into her purse again, retrieved a large flip-blade knife, and pressed the blade against Plaintiff's throat.
17. The driver held the knife against Plaintiff's throat for approximately one minute, during which time Plaintiff experienced significant fear and distress. A slight indentation, resembling a paper-cut, appeared on Plaintiff's throat as a result of the driver's light pressure with the knife.
18. During this time, Plaintiff remained motionless, fearing that any sudden movement would cause the driver to cut Plaintiff's throat.
19. Plaintiff informed the driver that the bus cameras were recording the incident, and that it would be reported to DART's CEO. The driver again responded, "I don't care."
20. After a brief moment, the driver eased up on the knife and allowed Plaintiff to back away.
21. The driver then forcibly pushed Plaintiff out of the bus door, leaving Plaintiff stranded on the curb as the bus drove off.

Cause of Action: Count I – Excessive Force under 42 U.S.C. § 1983 in Violation of the Fourth Amendment

1.) Defendant's Conduct – Use of Excessive Force:

a. Defendant, Bus Driver John Doe, while acting under the color of law as an employee of Dallas Area Rapid Transit (DART), engaged in egregious and malicious conduct.

b. Defendant brandished a taser and a knife at the Plaintiff, despite Plaintiff not posing an immediate threat to Defendant or others, and in violation of standard procedures.

c. The actions of Defendant, including the use of both a taser and a knife, were excessive and unreasonable under the circumstances.

2.) Unlawful Seizure – Fourth Amendment Violation:

a. Defendant's actions in threatening Plaintiff with the taser and holding a knife to Plaintiff's throat constituted an unlawful seizure in violation of the Fourth Amendment.

b. The Fourth Amendment protects individuals from excessive force, unreasonable searches and seizures, and Defendant's use of force violated this protection.

c. The threat of deadly force, without justification, was unreasonable, disproportionate to any perceived threat, and in direct violation of Plaintiff's constitutional rights.

3.) Deliberate Indifference for Plaintiff's Constitutional Rights:

a. Defendant acted with deliberate indifference for Plaintiff's constitutional rights by using excessive force when no immediate threat existed.

b. Defendant knew or should have known that the use of a taser and knife in this situation created a substantial risk of serious harm to Plaintiff.

c. Defendant's actions were not merely negligent but were carried out with intentional disregard for Plaintiff's safety and well-being, demonstrating deliberate indifference to the risk of harm.

d. The use of the taser and knife was malicious, unjustifiable, and a clear departure from any reasonable or necessary response.

4.) Damages Suffered by Plaintiff:

a. As a direct result of Defendant's unlawful actions, Plaintiff suffered significant emotional distress, physical injury (including a minor cut from the knife), and a profound fear for his safety.

b. Defendant's actions caused emotional trauma and physical harm, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

c. Plaintiff's constitutional rights were violated, leading to both physical harm and emotional trauma, all due to Defendant's deliberate indifference and egregious conduct.

5.) Conclusion:

a. Defendant's conduct constitutes excessive force in violation of Plaintiff's Fourth Amendment rights.

b. Defendant acted with reckless disregard for Plaintiff's constitutional rights and caused harm that was both excessive and disproportionate to the situation.

Cause of Action: Count II – Failure to Train in Violation of 42 U.S.C. § 1983

**(DART's Failure to Train and Supervise)**

Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

1.) Duty of Defendant DART to Properly Train and Supervise:

a. Defendant DART, as the employer of (Bus Driver John Doe), had a constitutional duty under 42 U.S.C. § 1983 to adequately train and supervise its employees to ensure they conduct themselves in a lawful and professional manner.

b. As a government entity, DART is required to provide its employees, including bus drivers, with proper training in the handling of situations that may arise during their duties, including fare disputes, passenger conflicts, and the use of force.

c. DART's duty includes providing adequate policies, procedures, and supervision to ensure that its employees adhere to constitutional requirements, especially regarding the use of force.

2.) Failure to Train and Supervise Bus Driver:

a. DART failed to properly train and supervise its bus drivers, particularly in handling situations involving fare disputes, escalating conflicts, and use of force. This failure includes the following omissions:

- Failure to adequately train bus drivers on de-escalation techniques in high-stress situations.
- Failure to educate bus drivers on how to handle fare disputes and manage potentially dangerous situations without resorting to excessive force.
- Failure to provide proper supervision or oversight of employees, particularly in ensuring that bus drivers are adhering to established policies on the use of force and maintaining a safe environment.

b. This failure to train and supervise led to Defendant's employee (the bus driver) using excessive force against Plaintiff in a situation where no threat of harm existed, and no reasonable use of force was warranted.

3.) Failure to Implement Proper Policies and Procedures:

a. DART failed to implement or enforce proper policies and procedures regarding the handling of passengers, particularly in situations that involve conflict or confrontation.

b. This failure to implement adequate policies allowed the bus driver to act in a manner that was egregious, unlawful, and disproportionate under the circumstances.

c. DART's inadequate training and lack of clear, enforceable procedures led to a situation where the bus driver engaged in reckless disregard for Plaintiff's safety and constitutional rights, resulting in the unlawful assault.

**4.) Causal Link Between Failure to Train and Plaintiff's Injury:**

a. As a direct result of DART's failure to properly train and supervise its bus drivers, Plaintiff was subjected to an unlawful and violent assault at the hands of the bus driver.

b. If DART had properly trained its employee, the excessive use of force would have been prevented. Instead, DART's failure directly resulted in the harm caused to Plaintiff, including emotional distress, physical injury, and fear for safety.

c. The failure to train and supervise directly caused the violation of Plaintiff's Fourth Amendment rights and led to serious emotional trauma and physical injury from the wrongful actions of the bus driver.

5.) Legal Violations:

a. 42 U.S.C. § 1983 provides a cause of action against a municipality or government entity like DART for the failure to train its employees in a manner that results in a violation of constitutional rights.

b. DART's failure to properly train and supervise violated Plaintiff's rights under the Fourth and Fourteenth Amendments, particularly Plaintiff's right to be free from excessive force and unlawful seizure.

**6.) Conclusion:**

a. Defendant DART's failure to train and supervise its employees, including the bus driver, constituted deliberate indifference to the rights of its passengers, including Plaintiff, and resulted in the violation of Plaintiff's constitutional rights.

b. Plaintiff requests that the Court hold DART liable for the failure to train and supervise its employees, as well as for the consequential harm caused by that failure, including both physical injury and emotional distress

Cause of Action: Count III – Intentional Infliction of Emotional Distress in Violation of 42 U.S.C. § 1983

Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

1.) Defendant's Actions Constituted Extreme and Outrageous Conduct: a. Defendant (Bus Driver John Doe), while acting under the color of law as an employee of Dallas Area Rapid Transit (DART), engaged in extreme and outrageous conduct by threatening Plaintiff with a taser and knife, committing aggravated assault and battery.

b. The Defendant's conduct in threatening Plaintiff's life with a taser and placing a knife to Plaintiff's throat was intentional and malicious, and was carried out in a manner designed to intimidate and cause harm.

c. Defendant's actions were so extreme and outrageous that they go beyond the bounds of decency and cannot be tolerated in a civilized society. Such conduct violated Plaintiff's right to be free from undue harm, causing significant emotional distress.

2.) Legal Grounds for Intentional Infliction of Emotional Distress: a. The elements of Intentional Infliction of Emotional Distress (IIED) include: - Extreme and outrageous conduct by the defendant; - Intentional or reckless infliction of emotional distress; - Severe emotional distress suffered by the plaintiff as a result.

b. 42 U.S.C. § 1983 provides a mechanism for addressing violations of constitutional rights by government actors. Although IIED is a state law tort, a claim for emotional distress may also be brought under 42 U.S.C. § 1983 if the conduct involves a violation of constitutional rights under the Fourth Amendment (excessive force) or the Fourteenth Amendment (due process protections), as the defendant acted under the color of law and their conduct was outrageous, reckless, and malicious.

c. Texas Civil Practice and Remedies Code, Section 51.014 provides that governmental entities, including DART, can be sued for intentional torts under specific circumstances, including when the governmental entity has waived immunity for actions taken by its employees that are not done within the scope of their official duties or involve reckless disregard for constitutional rights.

3.) Plaintiff's Suffering of Emotional Distress: a. Plaintiff suffered significant emotional and psychological distress directly resulting from the Defendant's actions, including symptoms such as anxiety, fear, trauma, and ongoing distress related to the threat of harm.

b. As a result of the violent and threatening conduct of the Defendant, Plaintiff continues to experience emotional pain, loss of sleep, and heightened anxiety over the potential for future harm. These psychological injuries are ongoing and substantial, and they meet the legal standard for severe emotional distress.

4.) Defendant's Intentional and Reckless Disregard: a. Defendant acted with intentional disregard for Plaintiff's well-being, and the conduct was not only intended to harm Plaintiff emotionally but was also done with reckless disregard for the emotional and psychological consequences on Plaintiff.

b. The Defendant's actions, including the use of a taser and knife without provocation, demonstrated extreme indifference to Plaintiff's rights and well-being and were clearly intended to cause Plaintiff emotional and physical harm.

c. This reckless and malicious conduct resulted in substantial emotional harm, and Plaintiff should be entitled to redress under both state tort law and 42 U.S.C. § 1983 for the violation of their constitutional rights and the infliction of emotional distress.

5.) Causal Link Between Defendant's Actions and Plaintiff's Emotional Harm: a. The Defendant's conduct was a proximate cause of the severe emotional distress experienced by Plaintiff. Plaintiff's emotional distress was directly tied to the malicious, outrageous, and harmful conduct of Defendant.

b. Defendant's actions—the threats, use of a taser, and holding a knife to Plaintiff's throat—were substantial factors in causing the Plaintiff's anxiety, fear, and psychological trauma. These actions were malicious and unjustifiable, contributing to both mental and emotional suffering for Plaintiff.

6.) Legal Violations and Remedies Under 42 U.S.C. § 1983: a. Plaintiff seeks recovery for the violation of constitutional rights under 42 U.S.C. § 1983 as well as for intentional infliction of emotional distress caused by Defendant's reckless and intentional actions.

b. Plaintiff requests damages for the psychological and emotional harm suffered, including pain and suffering, mental anguish, and distress directly resulting from the Defendant's conduct. These damages should reflect both the intentional misconduct and the reckless disregard for Plaintiff's emotional well-being.

7.) Conclusion: a. Defendant's conduct constituted an intentional infliction of emotional distress, and Plaintiff's constitutional rights were violated as a result of Defendant's actions.

b. Plaintiff respectfully requests that the Court hold Defendant accountable for the intentional infliction of emotional distress, and award damages for the emotional harm suffered by Plaintiff as a result of Defendant's unlawful conduct.

c. Plaintiff seeks any other relief that the Court deems just and proper in connection with this claim

## 4. CLAIMS FOR RELIEF

### Count I: Excessive Force in Violation of the Fourth and Fourteenth Amendments

1. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.
2. Defendant (Bus Driver John Doe), while acting under the color of law as an employee of Dallas Area Rapid Transit (DART), used egregious and malicious excessive and unreasonable force against Plaintiff, including the brandishing of a taser and a knife. Plaintiff was not posing an immediate threat of harm to the driver or others, and the driver's actions were both violent and disproportionate under the circumstances.
3. Defendant's actions—threatening Plaintiff with a taser and holding a knife to Plaintiff's throat—constituted an unlawful seizure and an unreasonable use of force, violating Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures, as well as the Fourteenth Amendment's protections against the deprivation of liberty without due process of law.
4. As a direct result of Defendant's egregious and malicious actions, Plaintiff experienced significant emotional distress, physical injury (a minor cut from the knife), and a profound fear for his/her safety, all in violation of constitutional protections. The conduct of Defendant was excessive and unjustifiable, and as a result, Plaintiff's

constitutional rights were violated, leading to both physical harm and emotional trauma.

### Count II: Deliberate Indifference – DART's Failure to Train and Supervise

5. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.
6. Defendant DART, as the employer of (Bus Driver John Doe), had a duty to properly train and supervise its employees to ensure that they conduct themselves in a safe, lawful, and professional manner.
7. Defendant DART was negligent in its failure to adequately train, educate, and supervise its bus drivers, particularly in handling situations involving fare disputes and potential passenger conflicts.
8. As a direct result of DART's failure to properly train and supervise its bus drivers, Plaintiff was subjected to an unlawful and violent assault at the hands of the bus driver.

### Count III: Intentional Infliction of Emotional Distress

9. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.
10. The actions of Defendant (Bus Driver John Doe), including threatening, committing aggravated assault and battery on Plaintiff with a taser and knife, were extreme, outrageous, and conducted with the intent to cause emotional distress.
11. As a result of Defendant's actions, Plaintiff suffered minor physical injury, significant psychological and emotional harm, including anxiety, fear, and ongoing distress. These actions were so outrageous that they go beyond the bounds of decency and could not be tolerated in a civilized society.

## 5. DAMAGES

12. As a direct and proximate result of Defendant Bus Driver's assault and battery, egregious, and intentional infliction of emotional distress, Plaintiff has suffered physical, psychological, and emotional injuries, including but not limited to pain, suffering, anxiety, and fear.
13. Plaintiff seeks compensatory damages for medical expenses, emotional distress, pain and suffering, and other consequential damages resulting from the actions of Defendants.

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Find that Defendant (Bus Driver John Doe) violated Plaintiff's Fourth and Fourteenth Amendment rights by using excessive force during the encounter;

B. Award Plaintiff compensatory and punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights;
C. Grant injunctive relief to prevent further violations of constitutional rights by DART and its employees;
D. Award Plaintiff attorney's fees, costs, and any other relief the Court deems just and proper.
E. Expert Witness(s) fees
F. Any other relief the Court deems just and proper.
G. Plaintiff request jury trial.

**Respectfully Submitted,**

Jason R. White, Pro Se
4350 Trinity Mills Rd. #12302
Dallas, TX 75287
rmnlinc@gmail.com
Jan. 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7nd of February, 2025, a true and correct copy of the foregoing complaint was served on the Defendants via US marshall.

_____