UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON R. WHITE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0048-X-BK |
| | § | |
| DALLAS AREA RAPID TRANSIT, et al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jason R. White (White) sued Dallas Area Rapid Transit (DART) and Jamena Levi (Levi) under the Civil Rights Act; 42 U.S.C section 1983, for excessive force, failure to train, supervise and implement proper policies; and intentional infliction of emotional distress. DART moved to dismiss White's first amended complaint. The Court adopted the United States Magistrate Judge's Findings, Conclusions, and Recommendations for that motion, dismissed White's state law claims with prejudice, and granted White to leave to amend his complaint to state a cognizable claim for relief with respect to his section 1983 claim.[1] White's Second Amended Complaint is now the operative complaint in this case.[2] DART filed a motion to dismiss the Second Amended Complaint. The United States Magistrate

[1] Doc. 90.

[2] *See id.*

Judge made Findings, Conclusions, and a Recommendation (FCR) in this case. White filed objections.

The Court conducted a *de novo* review of the relevant portions of the FCR to which White objected.[3] Except as to White's first objection, the Court **OVERRULES** each of White's objections and **ACCEPTS** the relevant portions of the FCR. As to White's first objection (regarding Nadine Lee and Rosa Medina-Cristobal's status as parties), the Court **OVERRULES IN PART** White's objection and **ACCEPTS IN PART** the relevant portions of the FCR. The Court reviewed the remaining portions of the FCR for plain error and found none; it thus **ACCEPTS** and **ADOPTS** the unobjected-to portions of the FCR. The Court will now address White's objections to the FCR.

First, White objects to the FCR treating Nadine Lee and Rosa Medina-Cristobal as non-parties to the action.[4] White's first complaint named DART and "employee nam [sic] not yet known" as defendants.[5] White first tried to add Lee and Medina-Cristobal as defendants on June 13, 2025.[6] But the Court struck that filing for failing to comply with Rule 15.[7] The Second Amended Complaint again asserts claims against Lee and Medina-Cristobal.[8] Because the Second Amended Complaint is the first valid complaint against Lee and Medina-Cristobal, Rule 4(m) required

[3] *See* 28 U.S.C. § 636(b)(1).

[4] Doc. 123 at 3.

[5] Doc. 3 at 1.

[6] *See* Doc. 50.

[7] Doc. 57 (citing FED. R. CIV. P. 15(a)(2)).

[8] *See* Doc. 93.

White to serve Lee and Medina-Cristobal "within 90 days after the complaint was filed."[9] As the serving party, White has the burden of proving service or good cause for failure to effect timely service.[10]

White has not filed proof of service under Rule 4(*l*) for either Lee or Medina-Cristobal. DART provided White a waiver of service.[11] But that waiver only applied to DART itself—not any other party, including its employees. White has thus failed to effect service on Lee and Medina-Cristobal.

DART's motion to dismiss purports to assert a Rule 12(b)(4) motion on behalf of its employees Lee, Medina-Cristobal, and Gene Gamez for insufficient process.[12] White's response notes that it is Rule 12(b)(5), not 12(b)(4), that challenges service of process (or lack thereof).[13] White is correct: "Generally speaking, 'an objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'"[14] While White's argument may sound like a winning one, in reality he scored in his own goal.

---

[9] FED. R. CIV. P. 4(m).

[10] *See* FED. R. CIV. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court. . . . [P]roof must be by the server's affidavit."); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

[11] Doc. 35.

[12] Doc. 97 at 1.

[13] Doc. 119 at 3.

[14] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008) (citing 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed.)) (cleaned up).

Rule 4(m) allows a court "on its own [motion] after notice to the plaintiff" to dismiss without prejudice a claim against an unserved party.[15] Although DART's motion to dismiss cited the wrong paragraph of Rule 12(b), that motion put White on notice that "[s]ervice of process for individual claims against Lee, Medina Cristobal, Gamez and Levi was insufficient due to lack of personal service no return was executed."[16] White's response in opposition demonstrates that he read and understood this argument.[17] Rather than contest DART's service argument or provide proof of service, White simply pointed the Court to the correct paragraph of Rule 12(b).[18]

The Court finds that White had notice that his service was insufficient. On its own motion under Rule 4(m), the Court **DISMISSES WITHOUT PREJUDICE** White's claims against Nadine Lee and Rosa Medina-Cristobal.[19] Because the Court dismisses these claims on its own motion, the Court will not address White's arguments under Rule 12(g) and 12(h).[20] Accordingly, the Court **OVERRULES IN**

---

[15] FED. R. CIV. P. 4(m).

[16] Doc. 98 at 2–3.

[17] *See* Doc. 119 at 3.

[18] *Id.*

[19] The Second Amended Complaint also names Gene Gamez and Jamena Levi as defendants. Doc. 93 at 1. However, White only objects to the FCR's characterization of Lee and Medina-Cristobal as non-parties. Doc. 123 at 3. White did not object to the FCR dismissing his section 1983 claims against Gamez. *See id.* The Court finds that dismissing White's section 1983 claims against Gamez was not plain error because Rule 12(b)(5) provides a basis for dismissal. As to Levi, White's motion for leave to file a second amended complaint names her as a defendant in the caption. Doc. 88 at 1. But the Second Amended Complaint does not actually bring a claim against her. *See* Doc. 122 at 2–3 n.2. White did not object to the FCR terminating Levi as a defendant. Doc. 123 at 3. The Court finds that terminating Levi as a defendant in this action was not plain error because White failed to prosecute a claim against her. *See* FED. R. CIV. P. 41(b).

[20] *See* Doc. 119 at 3.

**PART** White's objection that Lee and Medina-Cristobal are not parties and **ADOPTS IN PART** the FCR's recommendation to dismiss all claims against individuals,[21] including claims against Lee and Medina-Cristobal.

Second, White objects that the FCR improperly "narrows and recharacterizes" Count II by construing it as a claim for failure to train and supervise.[22] The FCR provides that "Count II in White's Second Amended Complaint is titled 'Failure to Hire,' however upon review, the Court liberally construes the allegation as asserting a claim for failure to train and supervise."[23]

White's complaint relies on a quote from *Board of County Commissioners of Bryan County v. Brown* to build a section 1983 claim from a "single hiring decision."[24] *Brown* held that failure to adequately scrutinize an applicant's background could constitute deliberate indifference only where "the plainly obvious consequence" of hiring the person "would be the deprivation of a third party's federally protected right."[25] But this single incident theory "is extremely narrow."[26] *Brown* itself rejected the notion that hiring an applicant who had been convicted of assault, battery, and resisting arrest constituted deliberate indifference.[27] White's general allegations about Levi's background fare no better. White claims Levi has "a legal

---

[21] Doc. 122 at 13.

[22] Doc. 123 at 7.

[23] Doc. 122 at n.3.

[24] 520 U.S. 397, 410 (1997).

[25] *Id.* at 411.

[26] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

[27] *Brown*, 520 U.S. at 414.

disqualification for violence" but does not provide a factual basis for this claim.[28] Unlike in *Brown*, White does not describe the offenses for which Levi was arrested or convicted.[29] Without that information, the Court has no basis to assess whether "the plainly obvious consequence" of hiring Levi "would be the deprivation of a third party's federally protected right."[30] White therefore provides no plausible factual basis for Count II's "failure to hire" claim.

White further argues that his "failure to hire" claim has a different legal framework than a failure to train and failure to supervise claim.[31] But White's cited cases do not support this argument. The first case that White cites contains no analysis of a "failure-to-hire" claim.[32] The second case White cites presents no analytical distinction between a "failure-to-hire" claim and a failure to train and supervise claim.[33] White fails to demonstrate how his failure to hire claim differs from the FCR's analysis.

Whether Count II is framed as a failure to hire or failure to train and supervise, White has not plausibly alleged the facts necessary for a municipal liability claim.

---

[28] Doc. 93 at 4.

[29] White cites an Exhibit H, which he describes as "2016 California BSIS Denial." Doc. 93 at 4, 9. But the only exhibits included in the complaint are images from the incident with Levi. Needless to say, these images do not meet *Brown*'s "the plainly obvious consequence" standard.

[30] *Brown*, 520 U.S. at 414.

[31] Doc. 123 at 7–8.

[32] *See Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) (making no distinction or reference to a failure-to-hire claim under section 1983).

[33] *See Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826 (S.D. Tex. 2011) (making no distinction or reference for a failure to hire claim under section 1983).

Accordingly, the Court **OVERRULES** White's second objection, **ADOPTS** the FCR's analysis on Count II, and **DISMISSES** Count II.

Third, White objects to the FCR's analysis of his official policy allegation.[34] White objects to the FCR's treatment of his allegations as conclusory, lacking factual support, and the FCR's treatment of his "widespread custom" claim as dispositive of other theories.[35]

To state a *Monell* municipal liability claim under 42 U.S.C. section 1983, a plaintiff must plead facts that plausibly establish that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[36] A complaint must satisfy all three elements.[37] A plaintiff can establish an official policy exists as (1) "written policy statements, ordinances, or regulations;" (2) "a widespread practice that is so common and well-settled as to constitute a custom;" or (3) "in rare circumstances" a single incident by an official with "final policymaking authority."[38]

This order already disposed of White's single incident theory.[39] And White specifically disclaimed reliance on a DART written policy.[40] So the only remaining avenue is for White to establish an official policy via a custom. To prevail on a

[34] Doc. 123 at 6–10, 14–15..

[35] *Id.* (cleaned up).

[36] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (cleaned up).

[37] *See id.*

[38] *Webb*, 925 F.3d at 215.

[39] *Supra* pp. 5–6.

[40] Doc. 119 at 5 ("Plaintiff's theory is not that DART adopted a written policy . . . .").

widespread practice or custom claim, a plaintiff must show that similar unconstitutional acts "have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct."[41]

White attempts to plead that a custom or policy existed, but he never sets out the facts to show that such custom or policy existed.[42] Nor does he allege that similar acts "have occurred for so long and with such frequency" to establish a custom.[43] Indeed, White's Second Amended Complaint is devoid of *any* prior similar acts committed by Levi or other DART employees. Merely labeling DART's actions as an "Official Policy of Expedited Unvetted Hiring" does not make it so.[44]

The exhibits that White attempts to cite in the pleadings might support these conclusions.[45] But no such exhibits appear in the docket. White has the burden to provide facts necessary to support his legal claims.[46] The Court will not make those inferences for him. This is because "judges are not like pigs, hunting for truffles buried in the record."[47] Accordingly, the Court **OVERRULES** White's third objection, **ADOPTS** the FCR's analysis on the *Monell* official policy element, and

[41] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

[42] *See* Doc. 93 at 1, 3.

[43] *Zarnow*, 614 F.3d at 169.

[44] *See* Doc. 93 at 1; Doc. 123 at 6.

[45] Doc. 93 at 9–10, 12–13.

[46] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[47] *Ethridge v. Samsung SDI Co., Ltd.*, 163 F.4th 136, 138 (5th Cir. 2025) (cleaned up).

**DISMISSES** White's section 1983 claims for failing to plausibly allege an official policy.[48]

Finally, the Court consolidates White's objections to the FCR's finding that White has repeatedly failed to cure his deficiencies, that he pled his best case, and that an amendment would be futile.[49] The Court has already given White a chance to correct his pleading.[50] He has had multiple opportunities to appropriately add to the docket the exhibits he purports to rely upon. White instead insists that his Second Amended Complaint is sufficient but reserves a right to correct it.[51] The Court agrees with the FCR that White has already exercised his chance to correct his pleadings. The Court finds that a Third Amended Complaint would be futile and cause needless delay. Accordingly, the Court **OVERRULES** White's objection and **ADOPTS** the FCR's analysis on White's ability to amend his pleading for a third time. The Court therefore **DISMISSES WITH PREJUDICE** White's section 1983 claims.

* * *

The Court **GRANTS** DART's Motion to Dismiss White's Second Amended Complaint as to DART and Gene Gamez. The Court **DISMISSES WITH PREJUDICE** White's 42 U.S.C. section 1983 claims. On its own motion, the Court

[48] White's remaining objections cover the following: (1) the FCR's analysis that White did not plead sufficient facts establishing awareness of the risk to establish deliberate indifference; (2) the FCR's finding that White did not plead sufficient facts to establish a "failure-to-train" theory; and (3) the FCR used "post-incident retention" to "erase pre-incident theories." *See* Doc. 123 at 10–15, 18–19. But none of these objections cure White's failure to plausibly allege an official policy. Failing to establish an official policy is fatal to his section 1983 claims against DART. *See Peña*, 879 F.3d at 621.

[49] *Id.* at 15–18.

[50] *See* Doc. 90.

[51] Doc. 123 at 17.

**DISMISSES WITHOUT PREJUDICE** White's claims against Nadine Lee and Rosa Medina-Cristobal. The Court **ADOPTS** the FCR's unobjected-to recommendation regarding Jamena Levi and **TERMINATES** Levi as a party. With no remaining claims, the Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 3rd day of November, 2026.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE